UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JAMES CARVER, as President of the Nassau
County Police Benevolent Association,
GARY LEARNED, as President of the Superior
Officers Association of Nassau County, and
THOMAS R. WILLDIGG, as President of the
Nassau County Police Detectives' Association,
Inc.,



                        Plaintiffs,

                      -against-

NASSAU COUNTY INTERIM FINANCE
AUTHORITY, RONALD A. STACK,
LEONARD D. STEINMAN, ROBERT A.
WILD, CHRISTOPHER P. WRIGHT,
GEORGE J. MARLIN, THOMAS W.
STOKES, in their official capacities as
directors/members of the Nassau County
Interim Finance Authority, EDWARD
MANGANO, in his official capacity as
COUNTY EXECUTIVE OF NASSAU
COUNTY, COUNTY OF NASSAU, and
GEORGE MARAGOS, in his official capacity
as NASSAU COUNTY COMPTROLLER,

MEMORANDUM AND ORDER

CV 11-1614

(Wexler, J.)

                      Defendants.
----------------------------------------------------------X
APPEARANCES:

       STROOCK & STROOCK & LAVAN LLP
       BY: ALAN A. KLINGER, ESQ.
       180 Maiden Lane
       New York, New York 10038

       GREENBERG BURZICHELLI GREENBERG P.C.
       BY: HARRY GREENBERG, ESQ.
       3000 Marcus Avenue, Suite 1W7

1

Lake Success, New York 11042
Attorneys for Plaintiffs

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
BY: CHRISTOPHER GUNTHER, ESQ.
Four Times Square
New York, New York 10036-6522
Attorneys for Defendants
Nassau County Interim Finance Authority and
Individual Directors/Members

JACKSON LEWIS LLP
BY: MARK L. SUSSMAN, ESQ.
58 South Service Road, Suite 410
Melville, New York 11747
Attorneys for Defendants County of Nassau
Edward Mangano and George Maragos

WEXLER, District Judge

In this action Plaintiffs, officers representing three Nassau County Police Officers and Detectives Unions (collectively the "Unions") challenge the imposition of a wage freeze imposed by Defendant Nassau County Interim Finance Authority ("NIFA" or the "Authority"). Plaintiffs claim that the wage freeze violates the Contracts Clause of Article 1 of the United States Constitution and was imposed in violation of the express terms of Section 3669 of the New York Public Authorities Law – the statute that authorizes imposition of a wage freeze under certain circumstances.

In a Memorandum and Opinion dated February 14, 2013, this court held that the wage freeze was not authorized by the relevant legislation, and granted Plaintiffs' motions for summary judgment as to that issue. The Constitutional issue was not decided. Carver v. Nassau County Interim Finance Authority, 923 F.Supp.2d 423 (E.D.N.Y. 2013).

On appeal, the Second Circuit vacated and remanded the matter to this court. Carver v.

Nassau County Interim Finance Authority, No. 13-0801, 13-840 (September 20, 2013). The appellate court held that this court should not have exercised jurisdiction to decide the issue of statutory interpretation which raised "an unresolved issue of state law – the interpretation of a poorly drawn statute." The Second Circuit remanded the case with instructions to dismiss the state law claim, but retain jurisdiction over the federal constitutional claim. That court further noted that if Plaintiffs decide to pursue their statutory claim in the appropriate state forum, this court should consider exercising its discretion to stay this federal action pending completion of the state court proceedings.

In accordance with the decision of the Second Circuit, this court directs Plaintiffs to inform this court, within one week of the date of this order, whether they intend to pursue their state law claim in a state forum, or abandon that claim and pursue only this federal action. In the event that Plaintiffs elect to proceed with the statutory construction claim in state court, this court will exercise the discretion to stay this action, along with the related actions that are presently pending before this court.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
September 25, 2013